Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>JASON STANLEY,<br><br>  Defendant. | No. 2:20-cr-00222-RAJ<br><br>ORDER ON DEFENDANT'S MOTION TO REDUCE SENTENCE |

## I. INTRODUCTION

THIS MATTER comes before the court on Defendant Jason Stanley's Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(2) and Amendment 821. Dkt. # 231. The government filed its opposition (Dkt. # 235) and the defendant filed his reply. Dkt. # 236. For the reasons set forth below, the Court **DENIES** the defendant's motion. The defendant did not request oral argument on this motion, and none is warranted.

Most of the facts advanced by the parties are undisputed. The record clearly indicates the defendant pled guilty on September 21, 2022 to a hate crime and making false statements. PSR ¶ 2. He was sentenced to 47 months and nine days of imprisonment. This sentence was to be served concurrently with the sentence he was already serving in Idaho that stemmed from revocation of his parole from an

ORDER - 1

unrelated 2008 Aggravated Battery offense. The defendant now seeks a sentence reduction on the sole ground that a retroactive amendment to the Sentencing Guidelines has reduced his sentencing range.

It is equally undisputed that the defendant meets the minimum eligibility requirements for a sentence reduction based on Amendment 821, USSG 4A1.1(e). Previously, the defendant's criminal history points increased under former USSG 4A1.1(d), but with the revision, he is now the beneficiary of the amendment. Consequently, he now has six criminal history points, and his criminal history category is III with a guideline imprisonment range of 37 to 46 months.

The defendant argues the Court previously imposed a sentence 1 month and 9 days above the low end of the guideline range. He now asks the Court to reduce his sentence consistent with his 37 to 46 months Guideline range and sentence him to 38 months and 9 days.

## II.    DISCUSSION

In response to the defendant's motion, the government outlined the detailed horrific attack on the victim, the aggravated nature and severity of this hate crime, and the life-long trauma and continuing medical consequences suffered by the victim all of which resulted in the charges to which the defendant pled guilty. The recitation of facts to support the charge and plea are unchallenged and adopted by the Court as a restatement of the facts before this Court at sentencing. Consequently, those facts will not be repeated in this order.

As noted, the sole justification advanced by the defendant for the sentence reduction is Amendment 821. At the original sentencing the court provided a detailed basis for the sentence and the components of § 3553(a) that explained the reasoning behind the sentence imposed. Blatantly absent from the defendant's motion is any articulation or consideration of these factors to motivate this Court to exercise its discretion in his favor. Moreover, the defendant failed to address any

information regarding his post-sentencing conduct or circumstances, whether positive or negative. *United States v. Darden,* 910 F.3d 1064, 1068 (8th Cir. 2018).

The Court agrees with the government that the Guidelines expressly direct that "[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." USSG § 1B1.10, application Note 1 (B)(ii). Rather than articulate a hint of remorse or indication of rehabilitation, the defendant rests upon the mentality that since the law changed, he is entitled to an adjustment in his sentence. The defendant is plainly misguided and fails to present a sufficient basis considering § 3553(a) factors to reduce his sentence. Defendant has woefully confused eligibility with entitlement.

The nature and circumstances of the offense, the need for the sentence to reflect the seriousness of the offense and to promote respect for the law guideline factors all strongly dictate no sentence reduction is appropriate.

The victim in this case suffered a brutal attack by the defendant and the men accompanying him. The facts unquestionably demonstrate the only reason for the attack was based upon the defendant's white supremacist mentality with the single purpose of beating a Black man for no reason or purpose other than pure hate and his race. Even when innocent bystanders attempted to assist the victim, the defendant and his cohorts assaulted them to a degree they suffered bodily injuries after being punched, hit in the face, and sustained injuries. It was abundantly clear from the facts that the defendant and his associates had no regard for the law as their brutal attacks were openly displayed with indifference to anyone observing their actions.

The defendant's history and characteristics, the need to provide just punishment, specific deterrence, and the need to protect the public are equal reasons why the defendant's motion should be denied.

//

As noted by the government, the defendant was on Idaho State parole when he attacked the victim. Dkt. #235, at 14. He had been released after finishing the seven-year "determinate" portion of his 2008 Aggravated Battery sentence, in 2015. He clearly had to understand that he could be sentenced back to prison for an additional 11 years if he violated his parole. PSR ¶62. Despite these obvious consequences that should have been readily apparent to the defendant, he knowingly elected to engage in a hate/race-based attack on an innocent Black citizen. The Court is also aware of the defendant's criminal history that he engaged in over many years of his life, including other acts of violence. These features of the defendant's past are unmitigated in his motion and only reaffirm that the original sentence imposed was correct and no justification is present under the § 3553(a) factors to make any adjustment in the original sentence.

For these reasons, the defendant's motion is **DENIED.**

DATED this 28th day of March, 2025.

_____
The Honorable Richard A. Jones
United States District Judge